[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 110)
The plaintiff alleges that she had parked her vehicle in front of a store in order to discharge a passenger when a tax cab owned by the defendant, Darien Yellow Cab, Inc., and operated by the defendant's employee, struck the rear of the plaintiff's vehicle.
On November 18, 1992, the defendant filed a motion for summary judgment, along with copies of the plaintiff's deposition and the deposition testimony of a police officer who responded to the accident scene. The defendant also submits the amended affidavit of Vito Bochicchio in support of its motion. The plaintiff did not file an objection to the defendant's motion.
In support of its motion, the defendant argues that on the date of the alleged accident, none of its vehicles were in the vicinity of the accident site. In support of its argument, the CT Page 4580 defendant submits the affidavit of Vito Bochicchio, which provides in pertinent part:
 3) In April 1989, I was contacted by the plaintiff . . . who reported an accident in the parking lot of Bongiorno's Pharmacy in Stamford on April 18, 1989 which involved a Darien Yellow Cab vehicle.
 4) In response to this report, at the direction of Martin Darby, the owner of Darien Yellow Cab, I searched the company records which included daily time reports. Those records revealed Darien Yellow Cab did not have any one of its six vehicles in the vicinity . . . on the date in question.
Practice Book 381 provides that:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto.
While the affiant may be competent to testify as to what he saw when he reviewed the defendant's daily time reports, he is not competent to testify as to where the defendant's cabs were actually located on the date of the accident. Also, the affidavit does not establish Vito Bochicchio's competence to testify as to the nature and contents of the defendant's business records. The defendant has further failed to comply with Practice Book 381, because it failed to submit certified copies of the daily time reports along with the affidavit.
Therefore, a genuine issue of material fact still exists as to whether the defendant's taxi cab collided with the plaintiff's vehicle.
The defendants motion for summary judgment is denied.
BALLEN, JUDGE CT Page 4581